IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kristian Hunter,  )  <br> )  <br>   Plaintiff,   )  <br> )  <br>   vs.  )  <br> )  <br>Paapa Kwesi Saah Nkrumah, AVI  )  <br>Foodsystems, Inc., and Anderson  )  <br>University  )  <br> )  <br>   Defendants.  )  <br>_____) | Civil Action No. 8:24-cv-00954-BHH-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on defendant Paapa Kwesi Saah Nkrumah's motion to dismiss (doc. 44). The plaintiff is proceeding *pro se* in this matter. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases involving *pro se* litigants and submit finding and recommendations to the district court.

## I. BACKGROUND

On February 25, 2024, the plaintiff filed a complaint in this court against the defendants Paapa Kwesi Saah Nkrumah, AVI Foodsystems, Inc., and Anderson University (doc. 1). The plaintiff alleges federal question as the basis for subject matter jurisdiction based on her claim against Anderson University under Title IX of the Higher Education Act ("HEA") (20 U.S.C. § 1681 *et seq.*) because of its treatment of her after she reported a sexual assault by Nkrumah (*id.* at 3, 5, 7; doc. 1-1).[1] She alleges that after learning of the assault, Anderson University violated Title IX by discriminating against her based on her sex, and that AVI Foodsystems, Inc., allowed the incident by negligently supervising its

---

[1] To date, defendant Anderson University is the only defendant to have filed an answer to the complaint (doc. 48).

employees (doc. 1 at 5). The plaintiff alleges causes of action against Nkrumah for assault, battery, and intentional infliction of emotional distress ("IIED") (*id.* at 5, 7).[2] The plaintiff seeks monetary damages in the amount of the $20 million dollars (*id.* at 5).

The plaintiff alleges that Nkrumah sexually assaulted and raped her on January 22, 2022, on Anderson University's campus, while she was a student there (*id.* at 5, 7). She alleges that as a result of the rape, she became pregnant and thereafter was too sick to attend classes (*id.* at 7). The plaintiff claims that this incident caused "irreparable" damage to her "body, mind, and soul due to the abuse" (*id.* at 5). She seeks additional damages for child care, medical expenses, and prolonged schooling (*id.*).

On June 13, 2024, Nkrumah filed his motion to dismiss (doc. 44).[3] The plaintiff filed a response on June 21, 2024 (doc. 51) and another response on July 22, 2024

---

[2] While the plaintiff did not specifically refer to these causes of action in her complaint by name, the court recognizes these claims from a reasonable reading of the intentional tort allegations in the complaint. *See Odom v. Ozmint*, 517 F. Supp. 2d 764, 767 (D.S.C. 2007) ("[I]f the court can 'reasonably read' the plaintiff's pleadings to state a cause of action, the court should read it as such despite the plaintiff's failure 'to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'") (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).

[3] Defendant Nkrumah was proceeding *pro se* when he filed this motion, but he has since retained counsel (doc. 69 at 1).

2

(doc. 66).[4] Nkrumah filed a reply on August 9, 2024 (doc. 69).[5] Accordingly, this matter is now ripe for review.

## II. APPLICABLE LAW AND ANALYSIS

### A.     *Rule 12(b)(6) Standard*

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "'The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint.'" *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp.3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,

---

[4] Nkrumah, in what was his own out of time reply at the time of filing, argues that this court should disregard the plaintiff's second response filed on July 22, 2024 (doc. 69 at 1). The additional arguments in this second response duplicate those of the prior response filed on June 21, 2024 (*compare* doc. 51 *with* doc. 66). Further, the Clerk of Court inadvertently did not send the plaintiff a *Roseboro* order advising her of the procedures for motions to dismiss and for summary judgment until after the plaintiff filed her first response (*see* docs. 51, 56). *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The *Roseboro* order, which was filed and mailed to the plaintiff on June 26, 2024, advised the plaintiff that she had 31 days from the date of that order to file her response to Nkrumah's motion to dismiss (doc. 56). Accordingly, the second response filed by the plaintiff on July 22, 2024, was timely (doc. 66). However, the undersigned has not considered factual averments not contained in the complaint in either response, nor has the undersigned considered affidavits or other supplemental evidence attached as exhibits. *See Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) (stating that courts generally do not consider extrinsic evidence when evaluating the sufficiency of a complaint unless such evidence is integral to the complaint).

[5] Nkrumah filed a motion for leave to file a reply out of time, which this court granted and accepted as timely (docs. 68, 71).

591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "'[D]etailed factual allegations'" are not required, but the plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Nkrumah initially argues, generally, that the complaint "is so vague and ambiguous that Defendant cannot reasonably prepare a proper response as Plaintiff is in fact attempting to graft three different causes of action into one," and thus the complaint should be dismissed for failure to state a claim (doc. 44 at 3). The plaintiff responds that she presented cognizable claims for assault, battery, and IIED against Nkrumah (doc. 51 at 1, 3, 4).[6] Nkrumah replies that claims of assault, battery, and rape are criminal in nature

---

[6] Nkrumah also argues that Title IX is inapplicable to defendant Nkrumah as he "is not alleged to be an education institution much less one that is receiving Federal financial assistance" (doc. 69 at 2). A fair reading of the complaint reveals that the plaintiff has not made a Title IX claim against defendant Nkrumah (*see* doc. 1). Accordingly, this argument is unnecessary and will not be addressed further.

4

and a civil court has no jurisdiction over these claims (doc. 69 at 3).  He also argues that the plaintiff did not allege any of the elements for IIED (*id.* at 3–4).

## B.     *Jurisdiction*

Nkrumah argues that this court has no jurisdiction over "assault, battery, and rape claims" and that he is "unaware of any other authority that would grant this subject matter jurisdiction" (doc. 69 at 3).  "Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when given the authority to do so by the United States Constitution and by federal statute." *Bilbro v. Haley*, 229 F. Supp. 3d 397, 404 (D.S.C. 2017) (citing *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998)). District courts most commonly have original jurisdiction pursuant to federal question jurisdiction and diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  Pursuant to 28 U.S.C. § 1367(a), in cases over which a federal court has original jurisdiction, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  *See Rosmer v. Pfizer, Inc.*, 263 F.3d 110, 114 (4th Cir. 2001) ("Section 1367(a) is a general grant of supplemental jurisdiction.").  When a court has no independent jurisdiction over state law claims, a court's supplemental jurisdiction allows them to "tag along" the federal claims.  *Mother Doe 203 v. Berkeley Cnty. Sch. Dist.*, No. 2:14-CV-3575-PMD, 2016 WL 6627900, at *5 (D.S.C. Nov. 9, 2016). The ability to "decline to exercise supplemental jurisdiction in limited circumstances," such as when "the court dismisses the claims over which it has original jurisdiction," remains in the court's discretion. *ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012) (citing 28 U.S.C. § 1367(c)).[7]

---

[7] The statute provides, in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

5

The court may properly hear a plaintiff's state law claims as long as '"[t]he state and federal claims . . . derive from a common nucleus of operative fact.'" *Funderburk v. S.C. Elec. & Gas Co.*, 406 F. Supp. 3d 527, 533–34 (D.S.C. 2019) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)), *aff'd sub nom. Funderburk v. CSX Transp., Inc.*, 834 F. App'x 807 (4th Cir. 2021). Here, this court may exercise supplemental jurisdiction over the plaintiff's state law intentional tort claims against Nkrumah for assault, battery, and IIED because they form part of the same case or controversy as the Title IX claim against Anderson University, which is within the court's original jurisdiction. The basis for the plaintiff's Title IX claim is her alleged rape by Nkrumah and the school's handling of its investigation and treatment of the plaintiff thereafter. Further, part of the Title IX claim involves the same facts and witnesses as the claims against Nkrumah. Moreover, none of the circumstances for declining to exercise supplemental jurisdiction over the claim are present here, as these claims apply well-settled, straightforward South Carolina tort law, as discussed *infra*, and the Title IX claim has not been dismissed.[8] Accordingly, the district court should decline to dismiss the state law claims against Nkrumah based on lack of jurisdiction.

---

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c).

[8]Anderson University has not filed a motion to dismiss the plaintiff's Title IX claim against it.

### C.     *Assault and Battery*

The elements of civil assault and battery claims are well-settled in South Carolina. Assault and battery are intentional torts. *Rosendall v. Voight*, No. 4:17-CV-0821-BHH-TER, 2017 WL 9674476, at *2 (D.S.C. Sept. 11, 2017) ("'Assault and battery [are] generally classified as an intentional tort[s], as contrasted with a tort based on negligence.'" (quoting *Longshore v. Saber Sec. Servs., Inc.*, 619 S.E.2d 5, 9–10 (S.C. Ct. App. 2005)). The elements of a civil claim for assault are: "(1) conduct of the defendant which places the plaintiff, (2) in reasonable fear of bodily harm.*" Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008) (citing *Herring v. Lawrence Warehouse Co.*, 72 S.E.2d 453, 458 (S.C. 1952)). "A battery is the "actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree; it is unnecessary that the contact be by a blow, as any forcible contact is sufficient.'" *Id.* (quoting *Gathers v. Harris Teeter Supermarket, Inc.*, 317 S.E.2d 748, 754 (S.C. Ct. App.1984)).

Here, the plaintiff's allegations that Nkrumah sexually assaulted and raped her clearly meet the elemental threshold for civil assault and battery. The *pro se* plaintiff's pleading is to be liberally construed, and the undersigned recognizes these claims from a "reasonable reading" of the complaint. *See Odom v. Ozmint*, 517 F. Supp. 2d 764, 767 (D.S.C. 2007). Accordingly, the plaintiff has alleged sufficient facts to state plausible claims for assault and battery against Nkumrah, and therefore the motion to dismiss should be denied as to these claims.

### D.     *Intentional Infliction of Emotional Distress*

South Carolina law imposes a high standard for stating an IIED claim. *Nolan v. U.S. Bank Nat'l Ass'n as Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, 2006-RP2*, No. 2:23-CV-1443-RMG, 2024 WL 621082, at *1 (D.S.C. Feb. 14, 2024). To bring an IIED claim, a plaintiff must establish four elements: (1) that the defendant recklessly or intentionally inflicted severe emotional distress or knew that distress would

probably result from the conduct; (2) that the conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was atrocious and utterly intolerable in a civilized community; (3) that the actions caused emotional distress; and (4) that the distress suffered was so severe that no reasonable person could be expected to endure it. *Hansson v. Scalise Builders of S.C.*, 650 S.E.2d 68, 70–71 (S.C. 2007) (citing *Ford v. Hutson*, 276 S.E.2d 776, 778 (S.C. 1981)).

Here, the sexual assault and rape allegations in the complaint satisfy the first two elements of an IIED claim. Assuming the plaintiff's factual allegations are true, such behavior was reckless or intentional and rises to the "extreme and outrageous" level that is "atrocious" and "utterly intolerable in a civilized community." *See id.* at 70–71. As to the final elements, she also claims that this incident caused "irreparable" damage to her "body, mind, and soul due to the abuse . . . ." (doc. 1 at 5). Liberally construing the *pro se* plaintiff's complaint, this alleged level of distress, combined with the nature of the other alleged conduct, is sufficiently severe to state a claim for IIED. Accordingly, the undersigned recommends that the district court deny Nkrumah's motion to dismiss the plaintiff's IIED claim.

### III. CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the undersigned recommends that the district court deny Nkrumah's motion to dismiss (doc. 44).

IT IS SO RECOMMENDED.

November 22, 2024                                         s/Kevin F. McDonald
Greenville, South Carolina                                United States Magistrate Judge


***The attention of the parties is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).