IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kristian Hunter,                    )<br>                                              )<br>                    Plaintiff,      )<br>                                              )<br>      vs.                                   )<br>                                              )<br>Paapa Kwesi Saah Nkrumah, AVI )<br>Foodsystems, Inc., and Anderson )<br>University                              )<br>                                              )<br>                    Defendants.  )<br>_____) | Civil Action No. 8:24-cv-00954-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant AVI Foodsystems, Inc.'s, motion to dismiss (doc. 61). The plaintiff is proceeding *pro se* in this matter. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases involving *pro se* litigants and to submit findings and recommendations to the district judge.

## I. BACKGROUND

On February 25, 2024, the plaintiff filed a complaint in this court against the defendants Paapa Kwesi Saah Nkrumah, AVI Foodsystems, Inc. ("AVI"), and Anderson University (doc. 1). The plaintiff alleges federal question as the basis for subject matter jurisdiction based on her claim against Anderson University under Title IX of the Higher Education Act (20 U.S.C. § 1681 *et seq.*) because of its treatment of her after she reported a sexual assault by Nkrumah (*id.* at 3, 5, 7; doc. 1-1).[1] She alleges that after the learning of the assault, Anderson University violated Title IX by discriminating against her based on her sex, and that AVI allowed the incident by negligently supervising its employees (doc.

---

[1] To date, defendant Anderson University is the only defendant to have filed an answer to the complaint (doc. 48).

1 at 5). The plaintiff seeks monetary damages in the amount of the $20 million dollars (*id.* at 5).

The plaintiff alleges that Nkrumah sexually assaulted and raped her on January 22, 2022, on Anderson University's campus, while she was a student there (*id.* at 5, 7). The plaintiff appears to allege the assault occurred in her dormitory room (*see id.*).[2] She alleges that as a result of the rape she became pregnant, and thereafter was too sick to attend classes (*id.* at 7). The plaintiff claims this incident caused "irreparable" damage to her "body, mind, and soul due to the abuse" (*id.* at 5). She seeks additional damages for child care, medical expenses, and prolonged schooling (*id.*).

The plaintiff alleges that AVI employed Nkrumah at Anderson University, and that AVI fired Nkrumah during the 2021 fall semester "for sexual harassment of a coworker," and that AVI "failed to follow proper protocol and alert the school of the incident" (*id.* at 7). She alleges that because AVI failed to notify the school of Nkrumah's sexual harassment of her co-worker, Nkrumah returned to campus with another restaurant the following semester, when he sexually assaulted the plaintiff (*id.*). Though she does not allege to be an AVI employee, the plaintiff pleads that AVI was "negligent in their supervision and failed to keep their employees safe" (*id.* at 5).

On July 2, 2024, AVI filed its motion to dismiss (doc. 61). On that same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion for summary judgment and motion to dismiss procedures and the possible consequences if she failed to respond adequately (docs. 62, 63). However, the plaintiff never filed a response to this motion, nor did she address AVI's arguments in her

---

[2] In her two responses to Nkrumah's motion to dismiss, the plaintiff, while describing the alleged incident, states that it occurred on the floor after she was "instructed . . . to get out of bed" (docs. 51 at 2; 66 at 2).

responses to Nkrumah's motion to dismiss.³ As the plaintiff has had more than sufficient time to respond, this matter is now ripe for review.

## II. APPLICABLE LAW AND ANALYSIS

### A.     Rule 12(b)(6) Standard for Pro Se Litigants

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "'The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint.'" *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp.3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "'[D]etailed factual allegations'" are not required, but the

---

³The plaintiff filed two responses to Nkrumah's motion to dismiss: the first on June 21, 2024 (doc. 51) and another response on July 22, 2024 (doc. 66). These responses assert the same basic arguments, and neither response addresses the claims asserted against AVI (*see* docs. 51, 66).

3

plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## B.     *Negligent Supervision*

AVI argues that the plaintiff's negligent supervision claim should be dismissed because the complaint fails to plead facts demonstrating that: (1) any harm occurred on AVI's premises or using AVI's property; (2) AVI employed Nkrumah at the time of the alleged incident; (3) AVI had the ability to control Nkrumah at the time of the alleged incident; or (4) AVI had any reason to know of the need to exercise control over Nkrumah (doc. 61-1 at 5). The plaintiff did not respond to these arguments. The court agrees with AVI that the plaintiff's allegations are insufficient to state a plausible claim for negligent supervision under Rule 12(b)(6).

Under South Carolina[4] law,

> "An employer may be liable for negligent supervision when (1) his employee intentionally harms another when he is on the employer's premises, is on premises he is privileged to enter only as employee, or is using the employer's chattel; (2) the

---

[4] This court can exercise supplemental jurisdiction to decide a plaintiff's state law claims under 28 U.S.C. § 1367(a) as long as '"[t]he state and federal claims . . . derive from a common nucleus of operative fact.'" *Funderburk v. S.C. Elec. & Gas Co.*, 406 F. Supp. 3d 527, 533–34 (D.S.C. 2019) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)), *aff'd sub nom. Funderburk v. CSX Transp., Inc.*, 834 F. App'x 807 (4th Cir. 2021). The plaintiff's negligent supervision claim against AVI is derived from the same common nucleus of operative facts as the plaintiff's federal Title IX claim against Anderson University.

>   employer knows or has reason to know he has the ability to control the employee; and (3) the employer knows or has reason to know of the necessity and opportunity to exercise such control."

*Est. of Baker by & through Baker v. Wal-Mart Stores, Inc.*, No. 8:23-02091-HMH, 2023 WL 5021769, at *2 (D.S.C. Aug. 7, 2023) (quoting *Doe v. Bishop of Charleston*, 754 S.E.2d 494, 500 (S.C. 2014)). "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in . . . supervising . . . an employee . . . ." *Doe v. Octapharma Plasma, Inc.*, No. 3:15-CV-01302-JMC, 2015 WL 3467027, at *3 (D.S.C. June 2, 2015) (quoting *James v. Kelly Trucking, Co.*, 661 S.E.2d 329, 330 (S.C. 2008)). "The issue of an employer's knowledge concerns the employer's awareness that the employment of a specific individual created a risk of harm to the public." *Id.* (quoting *Williams v. Preiss–Wal Pat III, LLC*, 17 F. Supp.3d 528, 538 (D.S.C.2014)). Courts analyze foreseeability "'in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused . . . . [T]he court should dispose of the matter on a dispositive motion when no reasonable factfinder could find the risk foreseeable or the employer's conduct to have fallen below the acceptable standard.'" *Id.* (quoting *Doe v. ATC, Inc.*, 624 S.E.2d 447, 451 (S.C. Ct. App. 2005)).

In *Moore by Moore v. Berkeley County School District*, a teacher induced a minor student to visit her house away from school property and engaged in sexual activity while there. 486 S.E.2d 9, 10 (S.C. Ct. App. 1997). While there was evidence that this teacher had previously acted "inappropriate[ly]" toward students, this behavior did not rise to a level that it might "harm" the students. *Id.* at 13. Accordingly, the school was not responsible for their employee's sexual assault because none of the alleged classroom incidents were of such a character that the administration would have, if aware of them,

5

reasonably anticipated that the teacher would engage in sexual intercourse with a student in her own home after school hours. *Id.*

Here, the plaintiff has not pled sufficient allegations to meet the elements of a negligent supervision claim. The plaintiff does not plead that the incident occurred on AVI's premises, on premises Nkrumah was privileged to enter only as an AVI employee, or by using property owned by AVI (*see* doc. 1). The plaintiff admits that AVI stopped employing Nkrumah during the prior semester and that he was not employed by AVI at the time of the alleged incident (doc. 1 at 7). AVI could not have been responsible for the actions of a former employee, whom they no longer controlled, in a location over which they did not control.

Moreover, the plaintiff's vague and generalized allegations that AVI was aware of Nkrumah's prior "sexual harassment" of another AVI employee (doc. 1 at 7) are insufficient to establish that AVI had reason to suspect, much less know, that he was a danger to the plaintiff for sexual assault. *See Moore by Moore*, 486 S.E.2d at 13. Accordingly, the plaintiff has failed to plead a plausible negligent supervision claim, and AVI's motion to dismiss this claim should be granted.

### C.     Title IX

AVI also argues that, to the extent the plaintiff alleges that AVI was obligated under Title IX to inform Anderson University that it terminated Nkrumah's employment for sexual harassment, such claim fails because AVI is not a "recipient" under Title IX (doc. 61-1 at 10-11). The plaintiff did not respond to this argument. The court agrees that the plaintiff's allegations are insufficient to state a plausible Title IX claim against AVI under Rule 12(b)(6).

> Title IX provides, with certain exceptions not at issue here:
>
> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be

> subjected to discrimination under any education program or activity receiving Federal financial assistance . . . .

20 U.S.C. § 1681(a). Entities subject to Title IX must establish and follow grievance procedures to resolve alleged Title IX violations by students and employees. 45 C.F.R. § 86.8(b). A "recipient" is an entity to whom "federal financial assistance is extended directly or through another recipient and which operates an education program or activity which receives such assistance . . . ." *Id.* § 86.2(i). Only "[e]ntities that receive federal assistance, whether directly or through an intermediary, are recipients within the meaning of Title IX." *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 468 (1999). "Title IX coverage is not triggered when an entity merely benefits from federal funding." *Id.*

The plaintiff alleges that AVI "failed to follow proper protocol and alert the school" of the prior allegation of sexual harassment by Nkrumah against an unidentified co-worker (doc. 1 at 7). Here, the plaintiff fails to plead a plausible cause of action under Title IX against AVI. There are no allegations that AVI received federal financial assistance, either directly or indirectly, nor allegations that AVI operated an education program or activity. While AVI, as a food service contractor, may have been paid by Anderson University, merely benefitting from federal funding is insufficient to find Title IX applicability. *See Nat'l Collegiate Athletic Ass'n*, 525 U.S. at 468. Accordingly, to the extent the plaintiff asserts a Title IX claim against AVI, the claim should be dismissed.

### III. CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the undersigned recommends that the district court grant AVI's motion to dismiss (doc. 61).

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

November 22, 2024
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).