IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristian Hunter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:24-cv-954-BHH |
| v. ) | |
| ) | **ORDER** |
| Paapa Kwesi Saah Nkrumah, AVI ) | |
| Foodsystems, Inc., and Anderson ) | |
| University, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Kristian Hunter ("Plaintiff" or "Hunter"), proceeding *pro se*, filed this civil action on February 25, 2024, against Defendants Paapa Kwesi Saah Nkrumah ("Nkrumah"), AVI Foodsystems, Inc. ("AVI"), and Anderson University ("Anderson University") (collectively, "Defendants"), alleging federal question jurisdiction as the basis for the Court's subject matter jurisdiction, stemming from her claim against Anderson University under Title IX of the Higher Education Act ("HEA"), 20 U.S.C. § 1681, *et seq*. (ECF No. 1.) On June 13, 2024, Defendant Nkrumah filed a motion to dismiss, and on July 2, 2024, Defendant AVI Foodsystems, Inc. Also filed a motion to dismiss. (ECF Nos. 44, 61.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

On November 22, 2024, Magistrate Judge Kevin McDonald issued two separate Reports and Recommendations ("Reports"), addressing each pending motion to dismiss. (ECF Nos. 75, 77.) In the first Report, the Magistrate Judge outlines Defendant Nkrumah's motion to dismiss and recommends that the Court deny it. (ECF No. 75.) In the second Report, the Magistrate Judge outlines Defendant AVI's motion to dismiss and recommends

that the Court grant it. (ECF No. 77.) Attached to both Reports were notices advising the parties of the right to file written objections to the Reports within fourteen days of being served with a copy. To date, no objections have been filed. Defendant Nrumah also filed an answer to Plaintiff's complaint on December 2, 2024. (ECF No. 79.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to either Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough and careful analysis of Defendant Nkrumah's motion to dismiss and Defendant AVI's motion to dismiss. **Accordingly, the Court adopts and specifically incorporates both of the Magistrate Judge's Reports (ECF Nos. 75 and**

**77); the Court denies Defendant Nkrumah's motion to dismiss (ECF No. 44); and the Court grants Defendant AVI's motion to dismiss (ECF No. 61) and dismisses Defendant AVI from this action.**

    **IT IS SO ORDERED.**

                                                    /s/Bruce H. Hendricks
                                                  United States District Judge

December 12, 2024
Charleston, South Carolina