IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Kristian Hunter,                          )
                                          )
              Plaintiff,                   )
                                          )     Civil Action No. 8:24-cv-954-BHH
v.                                        )
                                          )     **<u>ORDER</u>**
Paapa Kwesi Saah Nkrumah and              )
Anderson University,                      )
                                          )
              Defendants.                 )
_____ )

This matter is before the Court upon Plaintiff Kristian Hunter's ("Plaintiff") *pro se* complaint against the above-named Defendants.  On October 29, 2025, Defendant Paapa Kwesi Saah Nkrumah ("Nkrumah") filed a motion for summary judgment, and on December 29, 2025, Defendant Anderson University ("the University") also filed a motion for summary judgment.  (ECF Nos. 112, 127.)  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On April 24, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant the University's motion for summary judgment, decline to exercise supplemental jurisdiction over the remaining state law claims, and find as moot Defendant Nkrumah's motion for summary judgment. (ECF No. 135.) The Magistrate Judge also recommended that the Court denied Plaintiff's requests to strike her deposition transcript and reopen discovery. (*Id.*) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been

filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's thorough analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 135); the Court grants Defendant Anderson University's motion for summary judgment (ECF No. 126); the Court declines to exercise supplemental jurisdiction over the remaining state law claims; the Court finds moot Defendant Nkrumah's motion for summary judgment (ECF No. 112); and the Court denies Plaintiff's requests to strike her deposition transcript and reopen**

**discovery.**

 **IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

May 18, 2026
Charleston, South Carolina